Harris, J.,
delivered the opinion of the Court:
The bill of exceptions and arguments in this cause present two questions. First, by the provisions of the act of 1833, ch. 80, is a single ox exempt from execution, in the hands of the head of a family, who has no horse, no mule, nor a yoke of oxen? Secondly, if so, does it devolve on such party, claiming the protection of the statute, to aver and prove, that he is the head of a family; that he has no horse, no mule, nor any other yoke of oxen?
On the first point, we think it is clear, that as the object of the Legislature was to protect poor persons who were the heads of families, in the enjoyment of such articles as are exempted from execution by the statute, for the support of their families, when such person has only a single ox, having no horse or mule, he may well claim the protection of the statute and is fully embraced by its provisions.
It would be a strange construction, and as we think, directly in conflict with the policy of the Legislature, to hold that when such person was the owner of two oxen, he might retain both, but when he had but one, “that should be taken from him” and given to his creditors. If he had had twice as much, he *661 might have retained it, but as he had but little, that little shall be taken away from him which he had.
Whether such animal was, or was not, an ox, is a question proper for the jury. If he had been used for such domestic purposes, then it is immaterial what his age or strength may be.
Upon the second proposition, we think it equally clear, that to bring himself within the provisions of the statute, the party should aver and prove, that he is the head of a family and that he has no horse or mule, nor a yoke of oxen, as the statute only exempts from execution one horse, one mule, or a yoke of oxen; he must aver and prove he had neither, except the one levied upon by virtue of the execution. Without such averments in the declaration, and proof to sustain them, it would not appear that he did not have a horse, or a mule, or another yoke of oxen, and the execution would be a complete justification for the seizure and sale of such animal, unless it was the only one the party owned.-Pollard vs. Thomason, 5 Humph. 56.
In this case, there is no proof that the plaintiff below, did not, at the time, own a mule; for this reason, the judgment must be reversed and the cause remanded for a new trial.
The record as here presented, is obnoxious to another fatal objection. There is neither declaration nor plea in the record, and of course no issue, upon which the jury could pronounce a verdict.